UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

ROBERT WILLIS,

           Plaintiff,           Case No. 1:07-cv-214

v.                                   Honorable Richard Alan Enslen

BONNIE MOSLEY et al.,

           Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because Defendants are immune and Plaintiff fails to state a claim.

**Discussion**

      I.      Factual allegations

Plaintiff is a federal prisoner incarcerated in the federal penitentiary in Terre Haute, IN. He is serving a sentence of 224 months imposed by this Court on June 13, 2006, after Plaintiff was convicted by a jury of distribution of crack cocaine, distribution of crack cocaine within a thousand feet of a school and being a felon in possession of a firearm. *See USA v. Saffore et al.*, 1:05-cv-18 (W.D. Mich.). In his *pro se* complaint, he sues U.S. Probation Officer Bonnie Mosley and Chief Probation Officer Mark W. Restum. Plaintiff claims that Defendant Mosely violated his due process rights when she failed to follow proper procedures in preparing his presentence report (PSR). He alleges that Mosley did "not investigat[e] all the issues disputed in the PSR by plaintiff but instead she relied upon hearsay and false information which resulted in a false and erroneous presentence report." (Compl., 3.) According to Plaintiff, Mosley deprived him of an opportunity to correct the false information before sentencing. Plaintiff claims that Defendant Restum failed to take action to correct the PSR. He alleges that as the result of Defendants' conduct, he received "a very harsh, unconstitutional and illegal sentence." (Compl., 3.) Plaintiff further claims that Mosley sent the wrong presentence report to the Bureau of Prisons (BOP), which had a negative effect on his security classification within the BOP. Plaintiff seeks damages of $200,000 and an order requiring the erroneous information to be expunged from his PSR.

      II.      Immunity

Defendants Mosley and Restum are entitled to quasi-judicial immunity. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own

convictions, without apprehension of person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity should be granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (functional approach to quasi-judicial immunity). Federal courts repeatedly have held that probation and parole officers who prepare presentence reports are closely associated with the exercise of a judicial function and, thus, are entitled to absolute immunity. *See Loggins v. Franklin County*, No. 05-4135, 2007 WL 627861, at *8 (6th Cir. Mar. 1, 2007); *Lawrence v. Chabot,* Nos. 05-1082, 05-1397, 2006 WL 1342316, at *7 (6th Cir. May 16, 2006); *Horton v. Martin,* No. 04-1142, 2005 WL 1384306, at *2 (6th Cir. June 7, 2005); *Bess v. Iverson,* No. 85-1119, 1986 WL 16398, at *1 (6th Cir. Jan. 21, 1986); *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir. 1994); *Ray v. Pickett,* 734 F.2d 370, 373 (8th Cir. 1984); *Hughes v. Chesser,* 731 F.2d 1489, 1490 (11th Cir. 1984); *Spaulding v. Nielsen,* 599 F.2d 728, 729 (5th Cir. 1979); *Burks v. Callion,* 433 F.2d 318, 319 (9th Cir. 1970). Accordingly, Defendants are absolutely immune from Plaintiff's claim for monetary damages arising from the preparation of the pre-sentence report.

    II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants' alleged unconstitutional conduct resulted in Plaintiff receiving a more severe sentence. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 484, 493 (1973). To the extent Plaintiff seeks injunctive and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff's allegations clearly call into question the duration of his confinement. Therefore, his action is barred under *Heck* until his sentence has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason,* No. 02-2460, 2004 WL 1326066, at *1 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert,* No. 03-1411, 2003 WL 22976618, at *2 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell,* No. 03-

1440, 2003 WL 22435646, at *2-3 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).[1]

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed because Defendants are immune and Plaintiff fails to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: May 4, 2007              /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] Plaintiff also fails to state a claim to the extent he alleges that the PSR affected his security classification within the BOP. The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976).